LAW OFFICES OF
# LONDON & ROBIN

MEREDITH S. HELLER

OF COUNSEL
      ROBERT M. SILVERSTEIN

SUITE 1900
245 FIFTH AVENUE
NEW YORK, NEW YORK 10016
TEL: 212-683-8000
FAX: 212-683-9422
EMAIL:   iradlondon@aol.com
avrom@mindspring.com
msheller1@earthlink.net

**MEMO ENDORSED**

p. 4

August 7, 2008

Honorable Richard M. Berman
United States District Judge
500 Pearl Street
New York, NY 10007

             Re:     **United States v. Kevin Miller**
                      **03 Cr. 377**(RMB), 08-3265-cr

Dear Judge Berman:

      This letter is submitted on behalf of my client, Kevin Miller, who is scheduled for self-surrender on August 25, 2008. I respectfully request that Mr. Miller be granted bail pending appeal, or, in the alternative, an adjournment of his surrender date for thirty days.

A.     *The Applicable Principles And Standards For Determining Whether A Person Convicted Of An Offense And Sentenced To A Term Of Imprisonment Should Be Released Pending Appeal*

      Once convicted of an offense and sentenced to a term of imprisonment, a person must be detained unless the court determines "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in" *inter alia*, "reversal . . . [or] an order for a new trial." 18 U.S.C. §3143(b)(1)(A)-(B)(i)-(ii). In the event that the court "makes such findings, . . . [it] shall order the release of the person[.]" 18 U.S.C. §3143(b)(1).

      It has long been the rule in the Second Circuit that the applicant for release pending appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial[,]" 18 U.S.C. §3143(b)(1)(B), does not require the district court to predict the probability of reversal. *United States v. Randell*, 761 F.2d 122, 124 (2d Cir. 1985) ("we do not believe . . . [Congress] intended . . . [to] make such bail dependent upon the willingness of a trial court to certify that it is likely to be reversed") (citations and internal quotation marks omitted). *See also United States v. Jennings*, 63 Fed.Appx. 35, 38 (2d Cir. Dkt. No. 02-1411, May 14, 2003) (approving District Court's decision to grant bail pending appeal "because even though it thought the chance of reversal was slight, given the strong evidence of Jennings's guilt, it

believed he could raise non-frivolous claims on appeal.") "Instead, the language must be read as going to the significance of the substantial issue to the ultimate disposition of the appeal." *Id.*, *quoting United States v. Miller*, 753 F.2d 19, 23 (3d Cir. 1985). Nor does the standard require the District Court to reverse its prior decision(s) regarding the appellate issue(s); indeed, that standard would preclude bail pending appeal from *any* conviction that a District Court let stand.

A question raised on appeal is "substantial" if it "is of more substance than would be necessary to a finding that it was not frivolous. It is a close question or one that very well could be decided the other way." *Randell*, 761 F.2d at 125, *quoting United States v. Giancola*, 754 F.2d 898, 901 (11th Cir. 1985). The Court of Appeals has noted that this requirement does not "differ substantially" from the standard employed in other circuits which define a substantial question as "one which is either novel, which has not been decided by controlling authority, or which is fairly doubtful[,]" *Id.*, *quoting Miller*, 753 F.2d at 23-24, or is "fairly debatable." *Id.*, *quoting United States v. Handy*, 753 F.2d 19, 23-24 (3d Cir. 1985).[1]

Once the court finds that the appeal includes a "substantial" issue, it must then consider whether that question "is so integral to the merits of the conviction on which the defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial. *Id.*, *quoting Miller*, 753 F.2d at 23. Finally, the court must consider whether "the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released[.]"

In the instant case, there is no suggestion that Mr. Miller is either a flight risk or a danger to the community. As Your Honor may remember, the history of this case reveals the following: Mr. Miller voluntarily appeared with counsel at the United States Attorney's Office before he was either a target or a subject of any investigation, he accepted responsibility and he entered into a cooperation agreement assisting the government from the beginning. His assistance resulted in the successful prosecution of all the coconspirators. Indeed, his exemplary record over the past several years while on pretrial release make it clear that he is an asset to his community. Rather, the necessary determination is whether or not there is a substantial question of law.

**B.     *The Payment Schedule Established by the District Court Fails to Adequately Take Mr. Miller's Ability to Pay Into Consideration and Thereby Violates 18 U.S.C. § 3664(f)(2)***

18 U.S.C. § 3664 states that "the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A).

---

[1]     Although *Randell* considered these standards to be analogous, it noted that "if we were to adopt only one, it would be the language of [*United States v.*] *Giancola* [754 F.2d 898 (11th Cir. 1985)]." *Id.*

Although a defendant's economic circumstances are not relevant to the determination of the amount of restitution, the district court is nonetheless required to consider those circumstances when determining a schedule of payment to satisfy the restitution order. Specifically, § 3664 requires that, in determining a restitution payment schedule, a district court consider the defendant's financial resources and other assets, projected earnings, and financial obligations, including obligations to dependents. *See* 18 U.S.C. § 3664(f)(2); *United States v. Lucien*, 347 F.3d 45, 53 (2d Cir. 2003); *United States v. Harris*, 302 F.3d 72, 75 (2d Cir.2002).

The Second Circuit has held that while a sentencing court need not make detailed factual findings on each factor, the record must disclose some "affirmative act or statement allowing an inference that the district court in fact considered the defendant's ability to pay." *See Lucien*, 347 F.3d at 53-54, *United States v. Kinlock*, 174 F.3d 297, 300 (2d Cir.1999); *see also Harris*, 302 F.3d at 75 (district court's assertion that it read the presentence report will not suffice because it does not indicate the report's contents were considered).

Mr. Miller's restitution payment schedule states in pertinent part:

> If any portion of the financial penalties remain unpaid at the time of defendant's release from prison, the remainder shall be paid during the term of supervised release in monthly installments of 20% of monthly gross revenues with a balloon payment or obligation prior to the expiration of the term of supervised release.

In ordering Mr. Miller to pay 20% of monthly gross revenues, it is apparent that the Court has failed to take Mr. Miller's current and projected future financial situation into account. As the Presentence Report ("PSR") makes clear, Mr. Miller's current monthly income is negative $1000. While he currently has a job with a substantial income, he will not be able to maintain that job, or indeed obtain another one in his industry, once he enters prison. Additionally, his wife, a dependent under the MVRA, is ill and incapable of working more than a few hours a week. As previously documented to the Court, Mrs. Miller has suffered from severe rheumatoid arthritis for over thirty years and currently receives injections twice a week to combat its effects. *See* Miller Sentencing Letter, dated February 29, 2008, at 3.

Finally, the order that Mr. Miller make a "balloon payment" prior to the completion of his supervised release also demonstrates that the Court has failed to consider Mr. Miller's financial condition. In fact, *no* District Court in the Second Circuit has ordered such a "balloon payment" in the history of the MVRA. The last time a court ordered this sort of scheduled payment, the Western District of New York applied the previous restitution statute, 18 U.S.C. § 3663 (The Victim and Witness Protection Act of 1982 ("VWPA"). *See United States v. Berardini*, 1997 WL 642986 (W.D.N.Y. Feb 14, 1997), *aff'd* 112 F.3d 606 (2d Cir. 1997).

Honorable Richard M. Berman
August 7, 2008
Page 4 of 4

      Therefore, for the above stated reasons, it is respectfully requested that the Court grant Mr. Miller bail pending appeal, or in the alternative grant a stay of the surrender date for thirty days, until September 24, 2008.

Respectfully submitted,

*[signature]*

IRA D. LONDON

cc:    Rhonda Jung, A.U.S.A.
       Kevin Miller

> Government to respond by 8-14-08.
>
> SO ORDERED:
> Date: 8-11-08   *[signature]*
> Richard M. Berman, U.S.D.J.